# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

### No. 331
### DENNY v. ROYAL IND. CO. et
Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7251. Decided April 18, 1927

714. LIABILITY—Fact that attorneys are sent by indemnity company to defend an insured holding a policy of indemnity does not estop the indemnity company from asserting its non-liability in an attempt to collect a judgment entered against one in the employ of the insured at the time of the accident, such one being solely responsible therefor.

First Publication of this Opinion

VICKERY, J.

Earl Denny brought this action against Daniel Lish and the Royal Indemnity Co. to recover from the latter a judgment of $15,000.00 recovered against Lish in a former suit, the plaintiff having been unable to collect from Lish. A verdict was directed in favor of the Indemnity Co. and error was prosecuted.

It seems that in the former suit, Lish was employed by the Cadillac Company, an auto sales agency, which had a policy with the Indemnity Co. Lish's duties as an employee of the agency was to take a car of the Cadillac Co. with mail of the Company and take it to the post office. Several other duties were imposed upon him by reason of his employment.

On the morning in question, Lish took the car to perform his duties, but did some business of his own, and while engaged in his own business, Denny was injured. An action was brought against Lish and The Cadillac Co. in the Cuyahoga Common Pleas, and the Company was dismissed from the suit and judgment was entered against Lish alone, for the reason that he was not on his master's business at the time of the accident.

In that suit, the Indemnity Co. sent its lawyers to defend the action and plaintiff argues that the action of the Indemnity Co. in having its lawyers defend the action against the insured was tantamount to an admission that it was liable; and it is now estopped from asserting that it is not responsible. The Court of Appeals held:

1. It would be a dangerous doctrine to hold an insurance company estopped from disputing its liability simply because the attorneys appeared to defend an insured. Such a conclusion cannot safely be arrived at.

2. Lish, in having used the car without permission of the Cadillac Co., would render the company not responsible, and it must have been on that theory that the Company was dismissed from the case.

3. Lish not having received permission to use the car in pursuit of his own business, a judgment against him could not hold the Indemnity Co. responsible.

Judgment therefore affirmed.

(Sullivan, PJ., and Levine, J., concur.)

Attorneys—Bernsteen & Bernsteen for Denny; Dustin, McKeehan, Merrick, Arter & Stewart and J. H. McNeal for Indemnity Co. et; all of Cleveland.